Slip Op. 20-36

# UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| TRENDIUM POOL PRODUCTS, INC., <br><br>    Plaintiff, <br><br> v. <br><br> UNITED STATES, <br><br>    Defendant. | Before: Gary S. Katzmann, Judge <br> Court No. 18-00132 |

## OPINION

[The court sustains Commerce's Remand Results.]

Dated: March 19, 2020

Kristen Smith, Mark Tallo and Sara E. Yuskaitis, Sandler Travis & Rosenberg, P.A., of Washington, DC, for plaintiff.

Elizabeth A. Speck, Senior Trial Counsel, Commercial Litigation Branch, Civil Division, U.S. Department of Justice, of Washington, DC, for defendant. With her on the brief were Joseph H. Hunt, Assistant Attorney General, Jeanne E. Davidson, Director, and Tara Hogan, Assistant Director. Of counsel was Rachel Bogdan, Office of the Chief Counsel for Trade Enforcement & Compliance, U.S. Department of Commerce, of Washington, DC.

Katzmann, Judge:  The court returns to the question of whether the scope of the United States Department of Commerce's ("Commerce") antidumping and countervailing duty orders on corrosion resistant steel ("CORE" or "CORES") from Italy and the People's Republic of China ("China") cover pool kits and pool walls (collectively, "pool walls"). Before the court now is Commerce's Final Results of Redetermination Pursuant to Court Remand (Dep't Commerce Nov. 17, 2019), ECF No. 57 ("Remand Results"), which the court ordered in Trendium Pool Products, Inc. v. United States, 43 CIT __, 399 F. Supp. 3d 1335 (2019). Under protest, Commerce found that the CORES components in Trendium Pool Products Inc.'s ("Trendium") pool walls were

outside the scope of Certain Corrosion-Resistant Steel Products from India, Italy, the People's Republic of China, the Republic of Korea and Taiwan: Amended Final Affirmative Antidumping Determination for India and Taiwan, and Antidumping Duty Orders, 81 Fed. Reg. 48,390 (July 25, 2016); Certain Corrosion-Resistant Steel Products from India, Italy, the Republic of Korea and the People's Republic of China: Countervailing Duty Order, 81 Fed. Reg. 48,387 (July 25, 2016) (collectively, "Orders"). Trendium and the United States ("the Government") request that the court sustain the Remand Results. The court sustains the Remand Results.

## BACKGROUND AND DISCUSSION

The relevant legal and factual background of the proceedings involving Trendium has been set forth in greater detail in Trendium Pool Products, 399 F. Supp. 3d at 1337–41. Information pertinent to the instant matter is set forth below.

1. On May 10, 2018, Commerce determined in a final scope ruling that Trendium's pool walls fell within the scope of antidumping and countervailing duty orders covering CORES from Italy and China. Memo from Commerce, Re: Transfer of Scope Ruling Request (May 10, 2018), P.R. 15 ("Final Scope Ruling"). In that scope ruling, Commerce evaluated the CORES included in the pool walls to determine whether the potentially subject merchandise included in a larger product item fell within the literal terms of the antidumping and/or countervailing order. See Mid Continent Nail Corp. v. United States, 725 F.3d 1295, 1302 (Fed. Cir. 2013). See also Final Scope Ruling at 6–9. Commerce then concluded that "the individual components of Trendium's finished pool kits that were fabricated from Chinese- and Italian-origin CORE fell within the plain language of the scope of the Orders." See Final Scope Ruling at 7–8. Commerce next analyzed "whether the component's inclusion in a larger product should, nonetheless, result in the component's exclusion from the scope of the order(s) based on the criteria listed in 19 CFR 351.225(k)(1)" and

concluded that the incorporation of CORES into larger products would not take it outside the scope of the Orders. Id. at 8–9.

Trendium appealed the Final Scope Ruling to the court, arguing that finished products, including Trendium's pool walls, were never considered during the investigation into CORES and not covered by the plain language of the scope of the Orders. Pl.'s Mot. for J. on the Agency R. at 9, Jan. 7, 2019, ECF No. 37. The court held that Commerce erred in its analysis because it failed to make a threshold inquiry: "whether the item as imported in its assembled condition qualifies as a mixed-media item in the first instance." Trendium Pool Products, 399 F. Supp. 3d at 1343 n.3. In answering this inquiry, the court concluded that the pool walls were unitary items because "the CORES lo[st] its identity as a raw input and can only be used for practical purposes as an above ground pool." Id. at 1346. The court thus found that the plain language of the Orders was unambiguous, did not include downstream products, and thus did not cover Trendium's finished pool walls. Id. The court concluded that Commerce's scope determination was neither supported by substantial evidence nor in accordance with law. Id. Accordingly, the court ordered Commerce to redetermine the scope of the Orders on remand. Id.

2. Commerce issued its draft remand results, in which, under protest, it "redetermine[d] that the Chinese- and Italian-origin CORE components in Trendium's pool kits and pool walls fall outside of the scope of the Orders." Draft Results of Redetermination Pursuant to Court Remand at 2 (Dep't Commerce Oct. 16, 2019), ECF No. 58. Trendium commented on the draft results, finding them "consistent" with the court's order. Mem. re: Trendium Pool Products, Inc.'s Comments on Draft Remand Determination in CIT 18-00132 at 2, Oct. 25, 2019, ECF No. 58. Commerce published the final Remand Results and filed them with the court on November 18, 2019. In the Remand Results, Commerce again, under protest, "redetermined that the Chinese-

and Italian-origin CORE components in Trendium's pool kits and pool walls fall outside of the scope of the Orders." Remand Results at 2. Trendium filed its comments on the Remand Results with the court on December 18, 2019. Pl.'s Comments in Support of Commerce's Remand Results, ECF No. 59 ("Pl.'s Comments"). The Government filed its response to Trendium's comments on January 15, 2020. Def.'s Resp. Comments on the Remand Redetermination and Proposed Order, ECF Nos. 60–62 ("Def.'s Resp.").

3. Commerce's Remand Results are consistent with the court's remand order and previous opinion. In the Remand Results, Commerce concluded that the pool walls were not covered by the plain language of the Orders. Commerce noted that because the court determined that the subject merchandise fell outside of the scope of plain language of the Orders, Commerce need not proceed to further analysis under 19 C.F.R. §§ 351.225(k)(1) or k(2). The Government, moreover, stated in its comments that "Commerce has now complied with the instructions in the [c]ourt's remand order" by "determin[ing], under protest, that the Chinese- and Italian- origin CORE components in Trendium's pool kits and pool walls are not covered by the Orders." Def.'s Resp. at 2. Trendium agreed in its comments, stating that "Commerce directly complied with this [c]ourt's ruling," and now "requests that this [c]ourt affirm Commerce's Remand as compliant with" this court's remand order and opinion. Pl.'s Comments at 1–2. The court finds that the Remand Results complied with the court's order and opinion and thus concludes that the Remand Results are supported by substantial evidence and in accordance with law.

## CONCLUSION

The court sustains Commerce's Remand Results.

**SO ORDERED.**

/s/  Gary S. Katzmann
Gary S. Katzmann, Judge

Case 1:18-cv-00132-GSK   Document 63   Filed 03/19/20   Page 5 of 5

Court No. 18-00132 ..................................................................................................................Page 5

Dated: <u>March 19, 2020</u>
       New York, New York